UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

Charles Scroggins,

          Plaintiff,              Case No. 2:21-cv-219

v.                                        Honorable Janet T. Neff

Heidi Washington et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 4.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan.

The events about which he complains occurred at that facility. Plaintiff sues MDOC Director Heidi Washington; Administrator, Budget and Operations Administration or Designee Unknown Party; KCF Warden Michael Brown; and KCF Assistant Business Manager Marcy Kangas.

Plaintiff alleges that on December 16, 2020, Defendant Washington issued Director's Office Memorandum (DOM) 2021-9. (ECF No. 1, PageID.3.) This DOM was "directed to the Executive Policy Team, Administrative Management Team and[] Wardens, regarding prisoner tax withholding." (*Id.*) The DOM went into effect on January 1, 2021. (*Id.*) The DOM stated:

> To comply with Internal Revenue Service (IRS) regulations, the Department completes an IRS form 1099-MISC "Miscellaneous Income" for each prisoner who was paid $600 or more for a work or school assignment during the prior taxable year. The Department is required to file a copy with the IRS on behalf of the prisoner and review a copy with the prisoner. The IRS has notified the Department that some legal names and/or Social Security numbers reported for prisoners on the IRS form 1099-MISC often do not match IRS records and that the Department must take action to attempt to remedy this. To do so, the Department must request each prisoner assigned to work or school to complete either an IRS Form W-8 "Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding" or an IRS Form W-9 "Request for Taxpayer Identification Number and Certification form." The W-8 must be completed by prisoners who are not United States citizens. The W-9 must be completed by prisoners who are United States citizens. When completing the forms, the prisoner must provide their legal name and, on the W-9, provide their Social Security number (prisoners who have legally changed their names should include all past and current legal names). More specific information has been provided to Wardens on the process to be followed to ensure these forms are completed as required by the IRS in a timely manner.
>
> In accordance with IRS regulations, the Department is required to withhold income tax from work or school pay received by prisoners who are not United States citizens. The required rate for this withholding is 30% without any exceptions.
>
> The Department is not required to withhold income tax from work or school pay received by prisoners who are United States citizens if the prisoner's legal name and/or Social Security number as reported on the W-9 is verified by the IRS. However, if this information cannot be verified by the IRS or if the prisoner does not have a Social Security number, IRS regulations require the Department to withhold income tax at the rate of 24%. If a prisoner's name and Social Security number as entered by the prisoner on the W-9 cannot be verified by the IRS, the prisoner will be required to complete another W-9 in order to obtain the correct

> information.  Once the information is verified by the IRS, the Department is authorized to stop further backup withholding and will do so immediately.
>
> All backup withholding required to be collected by the IRS is remitted by the Department to the IRS.  Only the IRS may determine if the prisoner is entitled to a refund of backup withholding collected by the Department.  Any refund will be in accordance with IRS regulations and only if the prisoner files an annual tax return.
>
> The Administrator of Fiscal Management, Budget and Operations Administration or designee shall identify all prisoners subject to the 24 or 30% backup withholding. Prisoners who are subject to the 24 or 30% backup withholding will have their total payroll deposited into their trust account and the 24 or 30% as appropriate, collected as a debt prior to any other debt collection.  This may affect a prisoner's eligibility for indigent status as set forth in PD 04.02.120 "Indigent Prisoners."

(ECF No. 1-1, PageID.10–11.)

On April 25, 2021, Plaintiff received a daily transaction summary of his prisoner trust fund account from February 2, 2021, until April 16, 2021.  (ECF No. 1, PageID.3.)  That summary indicated that "at the time of the report there were no holds or remaining obligations." (*Id.*)  The summary, however, indicated that on March 25, 2021, $13.91 was deducted from Plaintiff's trust fund account and sent to the United States Treasury for federal tax purposes.  (ECF No. 1-2, PageID.13.)  Plaintiff "sought to resolve the issue by seeking . . . a copy of the court order, name of the judge[,] or court that authorized the deduction of funds . . . [and] was provided a copy" of DOM 2021-9.  (ECF No. 1, PageID.3.)  Plaintiff filed a grievance regarding the withholding, questioning the 24% deduction and questioning why the MDOC "did not file a 1099-MISC for [him] and review it with [him]."  (ECF No. 1-3, PageID.17.)  Defendant Kangas responded:

> The 24% withholding is required by the IRS when your SSN cannot be verified by the IRS.  The 24% has nothing to do with a court order[;] it is an IRS regulation. Once the IRS verifies your legal name and SSN the Department will immediately stop the withholding.
>
> We submitted a W-9 on your behalf on 2/12/21.  You may fill out another if you feel you have current information.  If not please see IRS Publication 1281 (Rev. 3-2020) on how to get the 24% removed from your account.

> A 1099-MISC was not filed for you, or reviewed with you, as you did not earn $600 or more for tax year 2020.

(*Id.*)  Officials determined that there was no violation of policy because DOM 2021-9 had been correctly applied.  (*Id.*)

Based on the foregoing, Plaintiff avers violations of his Fourteenth Amendment due process and equal protection rights.  (ECF No. 1, PageID.4–5.)  Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.  (*Id.*, PageID.5.)

## II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff asserts that Defendants' actions of depriving him of his funds violated his substantive and procedural due process rights, as well as his equal protection rights, under the Fourteenth Amendment. (ECF No. 1, PageID.4–5.) Essentially, Plaintiff faults Defendants, as his employers, for withholding at the 24% rate because either his true name or his Social Security number could not be verified by the IRS.

Plaintiff's claims, however, are barred by various provisions in the Internal Revenue Code (IRC). The IRC provides that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment." 26 U.S.C. § 3403. Pursuant to this statute, employees have no cause of action against employers to recover wages withheld and paid to the IRS to satisfy income tax liability. *See Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 770 (9th Cir. 1986); *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984); *see also Pesci v. IRS*, 67 F. Supp. 2d 1192–93 (D. Nev. 1999); *Beerbower v. United States*, 592 F. Supp. 67, 68 (E.D. Mich. 1984), *aff'd*, 787 F.2d 588 (6th Cir. 1986); *Pascoe v. IRS*, 580 F. Supp. 649, 654 (E.D. Mich. 1984), *aff'd*,

755 F.2d 932 (6th Cir. 1985). Furthermore, courts have applied 26 U.S.C. § 3403 to bar claims brought pursuant to 42 U.S.C. § 1983 because "[t]he actions of an employer or the employer's agent in withholding taxes do not deprive the affected employee of any constitutional or federal right". *Bellospirito v. Byrne*, No. SA CV 08-729-JVS (E), 2009 WL 302989, at *4 (C.D. Cal. Feb. 6, 2009); *see also Robinson v. A&M Electric Inc.*, 713 F.2d 608, 609 (10th Cir. 1983) (noting that "federal income tax withholding does not result in the taking of property without due process of law"); *Toliver v. United States of America*, No. CV 07-08400 DDP (JCx), 2008 WL 2899815, at *2 (C.D. Cal. July 24, 2008) (noting that "it is well-established that withholding income tax from wages does not violate the [C]onstitution").

Moreover, the Anti-Injunction Act (AIA) provides that, except for certain circumstances not present here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Courts have also applied the AIA to bar § 1983 claims seeking injunctive relief regarding "activities with are intended to or may culminate in the assessment or collection of taxes." *See United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir. 1976); *see also Beerbower v. United States*, No. 85-1034, 1986 WL 16750, at *2 (6th Cir. Mar. 14, 1986); *Washington v. Dep't of Treasury*, No. 3:21-cv-261, 2022 WL 60330, at *2 (S.D. Ohio Jan. 6, 2022) (dismissing plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) because, *inter alia*, the AIA barred Plaintiff's claims under § 1983 regarding the collection of his tax refunds and stimulus checks to satisfy a tax debt); *Tatar v. Mayer*, No. 12-14814, 2013 WL 4777143, at *2 (E.D. Mich. Aug. 6, 2013) (concluding that the court lacked jurisdiction under the AIA to grant plaintiff a preliminary injunction restraining the withholding of funds). Finally, to the extent Plaintiff seeks declaratory relief, the Declaratory

Judgment Act is "not available 'with respect to federal taxes.'" *See Dickens v. United States*, 671 F.2d 969, 972 (6th Cir. 1982) (quoting 28 U.S.C. § 2201)).

In sum, Defendants are statutorily immune from Plaintiff's claims regarding the withholding of monies for federal tax purposes. *See Maxfield v. U.S. Postal Serv.*, 752 F.2d 433, 434 (9th Cir. 1984) ("The employer is immune from liability to the employee for the withholding, since the duty to withhold is mandatory, rather than discretionary in nature."); *New York & Presbyterian Hosp. v. United States*, 881 F.3d 877, 886 (Fed. Cir. 2018) ("§ 3403 . . . provide[s] that the 'employer . . . *shall not be liable* to any person for the amount of any such payment' for taxes deducted . . . such that employers are immunized from employee suits for reimbursement of taxes deducted by the employer.") (footnote omitted, emphasis in original); *Burda v. M. Ecker Co.*, 2 F.3d 769, 775 (7th Cir. 1993) (concluding that when an employer "is acting as a private tax collector pursuant to federal tax laws, it is immune from suit"); *Boggs v. Logic Technology, Inc.*, No. 3:17-2166-MGL-SVH, 2017 WL 9476819, at *2 (D.S.C. Nov. 7, 2017) ("Courts have routinely held that 26 U.S.C. § 3403 provides employers with absolute immunity from liability to their employees for any taxes withheld from wages.") (citing cases). Plaintiff's "sole remedy [is] to initiate a tax refund claim against the [G]overnment." *Burda*, 2 F.3d at 775. Plaintiff's complaint will, therefore, be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that

any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: February 1, 2022  /s/ Janet T. Neff
 Janet T. Neff
 United States District Judge